

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 11 2006

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

## ORIGINAL

NEXXIO GROUP, LTD., and §
NGL MANAGEMENT, INC., §
§
vs. §   CIVIL ACTION NO. **3 06 CV 1 4 4 8 - B**
§
                                            **31 5 2**
LRM TECHNOLOGIES, L.L.C., §
NEXXIO WISCONSIN, L.L.C., and §
SHANNON R. VAILLANCOURT §

## PLAINTIFFS' ORIGINAL COMPLAINT
## AND APPLICATION FOR TEMPORARY INJUNCTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Nexxio Group, Ltd., and NGL Management, Inc., Plaintiffs, hereinafter sometimes jointly

referred to as "Franchisor" or "Plaintiffs," file their Original Complaint seeking injunctive and

monetary relief from LRM Technologies, L.L.C., Nexxio Wisconsin, L.L.C., and Shannon R.

Vaillancourt, for violations of Distributor License Agreements, and for civil conspiracy, unfair

competition and other causes of action as set forth below.

### PARTIES

1.    Plaintiff Nexxio Group, Ltd., is a Texas limited partnership with its principal place

of business in Dallas County, Texas, and which operates through its General Partner, NGL

Management, Inc.

2.    Plaintiff NGL Management, Inc., is a Texas corporation which is the General

Partner of Nexxio Group, Ltd., and which has its principal place of business in Dallas County,

Texas.

3.    Defendant LRM Technologies, L.L.C., was a Texas limited liability company until

conversion to a Wisconsin limited liability company on May 17, 2006, and is an authorized

vendor of Nexxio Group, Ltd. for the sole purpose of selling at wholesale certain computer

software to franchisees of Nexxio Group, Ltd. LRM Technologies, L.L.C. is not a retail seller of such software and may not lawfully communicate with or sell directly to Nexxio end user customers. LRM Technologies, L.L.C. may be served by serving its sole manager and member, Shannon R. Vaillancourt addressed as follows:

**Shannon R. Vaillancourt, Sole Manager and Member**
**LRM Technologies, L.L.C.**
**W.6276 Apple Lane**
**Fort Atkinson, Wisconsin 53538**

4.   Defendant Nexxio Wisconsin, L.L.C., is a Wisconsin limited liability company, with its principal place of business in the State of Wisconsin and is a Franchisee of Nexxio Group, Ltd. within the exclusive territory of the State of Wisconsin. Specifically, said Defendant signed a franchise licensing contract, entitled the Nexxio Distributor License Agreement ("DLA") dated effective as of August 9, 2004. This Distributor License Agreement recites in paragraph 18.4 that all suits shall be litigated in State or Federal courts in Dallas County, Texas. Nexxio Wisconsin, L.L.C. has contractually agreed in its Distributor License Agreement effective as of August 9, 2004 to any method of service outside of Texas that would be lawful in the State of Texas by any person authorized by law to make service of process in the State where served. Defendant Nexxio Wisconsin, L.L.C., may be served at its home office address as follows:

**Shannon R. Vaillancourt, President**
**Nexxio Wisconsin, L.L.C.**
**W.6276 Apple Lane**
**Fort Atkinson, Wisconsin 53538**

5.   Defendant Shannon R. Vaillancourt is an individual who resides in the State of Wisconsin who has signed a Personal Guaranty of the Distributor License Agreement effective as of August 9, 2004 and has contractually agreed to any method of service outside of Texas that would be lawful in the State of Texas by any person authorized by law to make service of

process in the State where served. Defendant Shannon R. Vaillancourt may be served at his home or home office address as follows:

**Shannon R. Vaillancourt**
**W.6276 Apple Lane**
**Fort Atkinson, Wisconsin 53538**

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over all of said Defendants under diversity of citizenship with the amount in controversy above $75,000.00 as authorized under 28 U.S.C. § 1332. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. All three (3) of the Defendants have contractually consented to jurisdiction and venue in Dallas County, Texas by signing a DLA or a Master Value Added Distributor Agreement dated as of December 10, 2005.

## REPRESENTATIVE CAPACITY

7.      Whenever it is alleged in this Complaint that an individual, employee, agent or representative made, performed or failed to make an act complained of herein, it is alleged that the person so doing was acting in a representative capacity on behalf of the Defendants in this cause and that the person had full power and authority or apparent authority to act on behalf of Defendants or that such acts or omissions were ratified by the Defendants.

## FACTUAL BACKGROUND

8.      Nexxio Group, Ltd. (hereinafter "Nexxio Group"), is a Texas-based Franchisor that operates a system of Franchisees which sell, install and service computer software designed to increase the efficiency of the supply chain and logistics operations of its customers, with an emphasis on small parcel packaging and shipping processes. The currently licensed Franchisees are located in Texas, Wisconsin and Illinois. A Franchisee formerly operated two franchises in Ohio until that Franchisee's right to do business was recently terminated, as more fully explained below.

9.     Effective on or about May 28, 2004, two Distributor License Agreements ("DLA") were executed by and among Nexxio Group as Franchisor with Timbertree Solutions, Inc. (hereinafter "Timbertree"), as Franchisee, for the operation of two Nexxio franchises in certain counties in the State of Ohio.  The DLAs with Timbertree were terminated on March 10, 2006.  The Franchisee then requested a continuation of the DLAs and, therefore, the terminations were rescinded on or about April 10, 2006.  However, after the Franchisee failed to perform, the DLAs were fully and finally terminated on or about April 26, 2006 by letter of Timbertree Solutions, Inc.'s counsel, Ronald K. Gardner in which the rescissions were rejected.  After the first termination date, no franchisees are allowed to sell in Timbertree's former territories without the consent of the Franchisor to do so, which was not requested by nor granted to Defendants.

10.     Effective on or about July 9, 2004 a DLA was executed by and among Nexxio Group as Franchisor and Trilogix, L.L.C. as Franchisee (hereinafter "Nexxio Chicago") and Shannon R. Vaillancourt, Individually and David Corrigan, Individually, as Personal Guarantors of payment and performance of the Franchisee for the operation of a Nexxio franchise in Illinois.

11.     Effective on or about August 9, 2004, a DLA was executed by and among Nexxio Group as Franchisor with Nexxio Wisconsin, L.L.C. (hereinafter "Nexxio Wisconsin"), as Franchisee and Shannon R. Vaillancourt, Individually and Bradley Baumgartner, Individually, as Personal Guarantors of payment and performance of the Franchisee for the operation of a Nexxio franchise in Wisconsin.  On July 21, 2006 a Notice of Default was sent by the Franchisor with a request to cure the items of default.  To date the events of default have not been cured.  On or about July 31, 2006 Nexxio Wisconsin sent a letter giving sixty (60) days notice of intent to terminate without cause.

12.   Each DLA included a section which prohibits competition during the term of the DLA and for a certain period of time thereafter.   In the case of the DLA with Nexxio Wisconsin, Nexxio Wisconsin and Shannon R. Vaillancourt remain obligated by the DLA until one (1) year after the termination effective date.   In the case of the DLA with Nexxio Chicago, both Trilogix and Shannon R. Vaillancourt remain obligated by the DLA until two (2) years after the termination effective date.

13.   LRM Technologies, L.L.C. (hereinafter "LRMT"), is an entity that is currently owned and controlled by Shannon R. Vaillancourt.   It is not a Franchisee, but it is a supplier of certain carrier compliant engine software to Franchisees within the Nexxio franchise system. LRMT is a wholesaler and is contractually prohibited from selling directly to end users of the Nexxio brand of products and services.   LRMT is also contractually prohibited from selling to any buyers other than Nexxio franchisees licensed in good standing, and then only with approval from the Franchisor.

14.   Plaintiffs have good reason to believe and do believe that Shannon R. Vaillancourt, Nexxio Wisconsin, and LRMT are jointly marketing, selling and servicing computer software in direct competition with the Nexxio brand software and outside of the Nexxio franchise system to various end users in several States, including Wisconsin, Illinois and Ohio and possibly others.   These sales and marketing efforts are being conducted in the name of LRMT doing business as "RateLinx."   On or about April 3, 2006 LRM Technologies, L.L.C., a Texas limited liability company on that date, registered to do business in Ohio and to use the name RateLinx.   Shannon R. Vaillancourt signed the Registration document and also listed Steven Shoemaker as the Registered Agent at an address in Ohio.   Also, in a conversation by telephone with Wendy Vannoy on or about July 19, 2006 Shannon R. Vaillancourt admitted that he was involved in competitive sales and marketing activities to end user customers through

LRM Technologies, L.L.C. Mr. Vaillancourt mistakenly believes that he is not bound by a non-compete agreement. The efforts are in direct violation of the DLA's for Nexxio Wisconsin and Nexxio Chicago and have caused damages not only to Plaintiffs but to other Nexxio franchisees. Defendants are using confidential customer information in order to solicit these sales. They are causing immediate irreparable injury to the Plaintiffs and have destroyed the viability of the entire Nexxio franchise system and must be stopped immediately.

15.     Nexxio Wisconsin and Shannon R. Vaillancourt, referred to in this paragraph 15 below as "Distributor," are bound by the following excerpted provisions from their DLA for Wisconsin:

> "9.1     Business Operations.  In order to protect the reputation and goodwill of Franchisor and to maintain uniform standards of operation under the Marks, Distributor shall conduct its operations hereunder in accordance with Franchisor's Manual, as the same may be amended or modified from time to time."

> "9.2     Confidentiality.  The Manual shall at all times remain the sole property of Franchisor.  Distributor shall treat the Manual and all the information contained therein as confidential, and shall use all reasonable efforts to maintain such information as secret and confidential.  Distributor shall not at any time, without Franchisor's prior written consent, copy, duplicate, record, or otherwise make the same available to any unauthorized person." ...

> "10.1     Use of Confidential Information.  Distributor shall not, during the term of this Agreement or thereafter, communicate, divulge, or use for the benefit of any other person, persons, partnership, association or corporation, any confidential information, knowledge, or know-how concerning the system or the methods of operation hereunder that may be communicated to Distributor, or of which Distributor may be apprised, by virtue of Distributor's business operations under the terms of this Agreement.  Distributor shall divulge such confidential information only to such of its employees as must have access to it in order to operate the franchised business as described herein.  In connection therewith, Distributor shall be fully responsible for ensuring that its employees comply with this Section." ...

> "14.     **OBLIGATIONS UPON TERMINATION**.  Upon the termination or expiration of this Agreement, Distributor shall forthwith:

(a)     Cease to operate the Franchise and shall not thereafter, directly or indirectly, represent to the public or hold itself out as a present or former Distributor of Franchisor;

(b)     Immediately and permanently cease to use, by advertising or in any manner whatsoever, any equipment, materials, confidential methods, procedures, or techniques associated with the System or that display the Marks or any other distinctive forms, slogans, signs, symbols, or devices associated with or belonging to Franchisor; ...

(d)     Turn over to Franchisor all Manuals, records, customer and other files, instructions, correspondence and materials, including, without limitation, brochures, agreements, disclosure statements and any materials relating to the business operated hereunder which may be in Distributor's possession, together with all copies thereof (all of which Distributor acknowledges to be Franchisor's sole property);

(e)     Assign to Franchisor or Franchisor's designee all of Distributor's right, title and interest in and to any and all (i) telephone numbers of Distributor's franchise and all related Yellow Pages, White Pages and other business listings, and (ii) web sites, web pages, listings, banners, URLs, advertisements, or any other services and links related to Distributor's business or use of Franchisor's trademarks, service marks or other logos, on or with the Internet, World Wide Web, Internet service providers, electronic mail services, communication providers, search engines or other similar services;

(f)     Immediately pay all sums due and owing to Franchisor, including, but not limited to, any unpaid Monthly Fees, Certification Fees, and Franchise Compliance Fees;"

"15.2.  <u>Covenants During Term of License Agreement.</u> Distributor specifically acknowledges that, pursuant to this Agreement, Distributor will receive valuable specialized training and confidential information, including, without limitation, information regarding the design, development and operation of the franchised business, and the sales, promotional, and marketing methods and techniques of Franchisor and the System. Distributor covenants that during the term of this Agreement, except as otherwise approved in writing by Franchisor, Distributor shall not, either directly or indirectly, for itself or through, on behalf of, or in conjunction with, any person, persons, partnership, or corporation:

(a)     divert or attempt to divert any business or customer of the franchised business or of any other distributor of Franchisor to any competitor, by direct or indirect inducement or otherwise, or do or perform, directly or indirectly, any other act injurious or prejudicial to the goodwill associated with the Marks and the System;

(b)    employ or seek to employ any person who is at that time employed by Franchisor or any distributor of Franchisor, or otherwise directly or indirectly induce such person to leave his or her employment;

(c)    own, maintain, engage in, or have any interest in any business offering LRM products or services, or any other services that are offered in the franchised business, unless otherwise consented to in writing by the Franchisor; or

(d)    sell or perform for compensation any Mandatory Products and Services, or otherwise operate the franchised business, within a franchise territory licensed to another distributor of Franchisor (except as may be expressly permitted by this Agreement, the Manual, or any other agreement between Franchisor and Distributor), or otherwise infringe upon rights granted by Franchisor under license agreements with other distributors of Franchisor."

"15.3   <u>Covenants After Termination of License Agreement</u>. Distributor further covenants that, except as otherwise approved in writing by Franchisor, Distributor shall not, directly or indirectly, for itself or through, on behalf of, or in conjunction with any person, persons, partnership or corporation:

(a)    for a continuous and uninterrupted period commencing upon the expiration or termination of this Agreement (regardless of the cause for termination) and continuing for two (2) years thereafter, own, maintain, operate, engage in, or have any interest in any business offering LRM products or services, or any other services that had been offered by the franchised business, that is or is intended to be located or which operates within the geographical boundary of Distributor's Territory; or

(b)    for a continuous and uninterrupted period commencing upon the expiration or termination of this Agreement (regardless of the cause for termination) and continuing for one (1) year thereafter, sell, procure, provide or solicit referrals for, or offer to sell, procure, provide or solicit referrals for, LRM products or services, any Mandatory Products and Services, or any other services that are offered in the franchised business, from any customer of the franchised business, or from any customer of any other distributor of Franchisor, with which customer Distributor had contact at any time during the term of this Agreement."

"16.   **ENFORCEMENT**

16.1   <u>Injunctive Relief.</u> Franchisor shall be entitled, without bond, to the entry of temporary and permanent injunctions and orders of specific performance enforcing the provisions of this Agreement relating to: (a) Distributor's use of the Marks; (b) the obligations of Distributor upon the termination or expiration of this Agreement; (c) the obligations of Distributor under Article 15 of this Agreement;

(d) any assignment or transfer of this Agreement or any ownership interest therein in violation of Article 12 of this Agreement; or (e) as necessary to prohibit any act or omission by Distributor or its employees or agents: (i) that would constitute a violation of any applicable law, ordinance, or regulation; (ii) that is dishonest or misleading to Franchisor and/or Franchisor's other distributors; or (iii) that, in Franchisor's reasonable judgment, may harm, tarnish, impair or reflect unfavorably upon the reputation, name, services or operation of the franchised business, Franchisor, the System or the Marks."

16.    Plaintiffs have fully performed all obligations required of them under the DLA's.

17.    All of the foregoing facts are incorporated into all of the causes of action set forth below.

## CAUSE OF ACTION FOR TEMPORARY INJUNCTION

18.    Defendants Nexxio Wisconsin and Shannon R. Vaillancourt are violating the non-competition clause of their DLA referenced above. Shannon R. Vaillancourt is also violating the terms of the Trilogix DLA. Pursuant to Paragraph 16.1 of their Wisconsin DLA, said Defendants have agreed that the Franchisor shall be entitled, without bond, to the entry of temporary and permanent injunctions and orders of specific performance enforcing the provisions of the DLA. Plaintiffs are entitled to injunctive relief. They have a probability of prevailing, there is irreparable injury occurring and after a balancing of the equities, the granting of injunctive relief will not disserve the public interest. Plaintiffs are suffering an ongoing immediate and irreparable injury by, among other things, their loss of revenue from Nexxio Wisconsin franchise customers whose accounts have been moved out of the franchise system by the Defendants and which defrauded the Franchisor out of its royalty payments, the loss of control over the manner and method of the sales being conducted, the undermining of the Nexxio trademarks and trade names, the disparagement of the Nexxio reputation, the destruction of existing contractual relationships with end users of the Nexxio products, the loss of control of the sales reporting data, the inability to generate new business in the territories, the devaluation of the franchise territory caused by the removal of the

majority of its customer assets to a third party company and the deterioration of the buying and selling power of the Franchisor through a crippled franchise system. There is no adequate remedy at law for these damages. Plaintiffs seek a temporary and permanent injunction that Shannon R. Vaillancourt, LRM Technologies, L.L.C. doing business in Ohio as RateLinx, and Nexxio Wisconsin, L.L.C. shall immediately cease and desist from owning, maintaining, operating, engaging in or having any interest in any business offering LRM products or services for a period of two (2) years after the effective date of the termination of the Nexxio Wisconsin DLA, and further immediately cease and desist from selling, procuring, providing or soliciting referrals for, or offering to sell, procure, provide or offering to do the same for a period of one (1) year after the effective date of the termination of the Nexxio Wisconsin DLA, all pursuant to the excerpted provisions above. Plaintiffs request the Court to set the Application for Temporary Injunction for a hearing and, after notice and hearing, issue a Temporary Injunction against Defendants restraining the competitive violations of the DLA's as set forth above.

## CAUSE OF ACTION FOR CIVIL CONSPIRACY

19.     All of the Defendants, jointly and severally, have entered into a civil conspiracy which has proximately caused injury and damages to the Plaintiffs. An agreement was reached between Shannon R. Vaillancourt and one or more of the remaining Defendants in the Spring of 2005 to start selling products and services in violation of the DLA's and diverting opportunities away from Nexxio Wisconsin and toward LRMT. Defendants' agreement constitutes a civil conspiracy under the law because it is a combination by two or more persons or entities to accomplish an unlawful purpose or, alternatively, is an agreement to accomplish a lawful purpose by unlawful means. There was a meeting of the minds on the object of the conspiracy and one or more unlawful overt acts were committed. Any Defendants who did not originally enter into the agreement have subsequently joined and/or ratified the agreement. As a result, Nexxio Wisconsin is

showing no sales and little or no sales activity, while LRMT is, upon information and belief, selling competitive products and services directly to Nexxio customers, in the exclusive territory licensed to Nexxio Wisconsin, to the substantial detriment of Nexxio Group. These actions are being taken in furtherance of the civil conspiracy.

## CAUSE OF ACTION FOR UNFAIR COMPETITION

20.    Defendants' actions constitute unfair competition under the common law of the State of Texas. Defendants' actions have proximately caused severe injuries and damages to the Plaintiffs. Unless the foregoing actions are enjoined, the Plaintiffs will continue to suffer injury and damage.

## CAUSE OF ACTION FOR MISAPPROPRIATION OF CONFIDENTIAL INFORMATION AND TRADE SECRETS

21.    Pleading in addition to or in the alternative, Defendants wrongfully misappropriated confidential information and trade secrets including, but not limited to, customer lists, leads, prospects, sales materials, products, marks and brand information, which is prohibited by the DLA, which was the producing and/or proximate cause of damages to Plaintiffs in a sum in excess of the minimum jurisdictional limits of this Court.

## CAUSE OF ACTION FOR ACCOUNTING

22.    Pleading in addition to or in the alternative, Plaintiffs seek the equitable remedy of an accounting. Defendants should be ordered to account to the Plaintiffs for their sales made in competition with all Nexxio Franchisees, wherever located. Plaintiffs request an order for a complete accounting of such sales and expenses during the entire period of such unlawful competition.

## ACTUAL DAMAGES

23.     Pleading in addition to or in the alternative, in the event the Court determines that this case does involve claims that can be addressed through monetary damages, Plaintiffs seek recovery of actual damages consisting of the minimum monthly fees that would be accruing to Plaintiffs from Nexxio Wisconsin and Shannon R. Vaillancourt for the duration of the DLA, the loss of monthly fees from other Franchisees, the cost of substituting new software, the loss of the investment in the franchise and lost profits in general.   Plaintiffs also seek recovery of actual damages of the lost profits from the unauthorized sales made by Defendants.  The amount of such damages is not yet known but in all likelihood will be at least $250,000.00.  Defendants' actions were the producing or proximate cause of such damages.

## CAUSE OF ACTION FOR EXEMPLARY DAMAGES

24.     Plaintiffs seek recovery of exemplary damages from Defendants under Chapter 41 of the Texas Civil Practice and Remedies Code.  Defendants' actions constitute fraud and were perpetrated with malice, or with gross negligence.  Plaintiffs will prove their assertions by clear and convincing evidence.  Plaintiffs seek such exemplary damages as may be deemed appropriate by the trier of fact not to exceed the maximum limitations in Texas for such damages.

## ATTORNEYS' FEES

25.     Plaintiffs further seek recovery of reasonable attorneys' fees under Article 38.001 of the Tex. Civ. Prac. & Rem. Code Ann. in the amount of at least $100,000.00 in the trial court, plus further reasonable sums in the event of any appeals.

## JURY DEMAND

26.     Plaintiffs hereby demand a trial by jury on all issues triable of right under Fed.R.Civ.P. 38 and the Seventh Amendment to the United States Constitution.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein and that on final trial, Plaintiffs recover from Defendants:

1.  A temporary and permanent injunction immediately enjoining Defendants from owning, operating, marketing or selling competitive products and services in their name or in the name of RateLinx as more specifically set forth above, and further ordering Defendants to specifically perform their obligations in accordance with the provisions of the existing Distributor License Agreements, Personal Guarantys and Restrictive Covenant Agreements including but not limited to turning over to Plaintiffs all of the assets of the Defendant gained in violation of their obligations;

2.  A Declaratory Judgment construing the rights of the parties under the applicable DLA's, including the Restrictive Covenant Agreements;

3.  An order that Defendants account to the Plaintiffs as requested above;

4.  Actual damages including but not limited to the loss of at least the minimum monthly franchise royalty payments, unpaid invoices, expenses to provide substitute support services, lost profits and other economic damages in the amount of at least $250,000.00;

5.  Exemplary damages to be assessed by the trier of fact;

6.  Reasonable attorneys' fees as set forth above;

7.  Pre-judgment interest and post-judgment interest as allowed by law;

8.  Costs of suit;

9.  Such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

SHACKELFORD, MELTON & McKINLEY, L.L.P.

BY: _____
   BRIAN D. MELTON
   State Bar No. 13923300
   MARTHA HARDWICK HOFMEISTER
   State Bar No. 08981500
   DEREK D. ROLLINS
   State Bar No. 24029803
   3333 Lee Parkway, Tenth Floor
   Dallas, Texas 75219
   Telephone: (214) 780-1400
   Fax: (214) 780-1401

ATTORNEYS FOR PLAINTIFFS

## VERIFICATION

STATE OF TEXAS      §
                             §
COUNTY OF DALLAS    §

BEFORE ME, the undersigned authority, personally appeared Wendalee Vannoy who, being by me first duly sworn, upon her oath stated as follows:

My name is Wendalee Vannoy. I am over 21 years of age and competent to make this affidavit. I am President of NGL Management, Inc., General Partner of Nexxio Group, Ltd. I have read the foregoing Original Complaint and Application for Temporary Injunction (the "Complaint"). I have personal knowledge of the factual allegations contained in paragraphs ___8-13___ (to the extent the factual allegations of these paragraphs relate to Defendants' contractual breaches) of the Complaint, except those allegations that are expressly stated to be based on information and belief, and those allegations of which I have personal knowledge are true and correct.

_____
Wendalee Vannoy

SUBSCRIBED AND SWORN TO BEFORE ME on this ___11th___ day of August, 2006.

_____
Notary Public, State of Texas



KAY HICKMAN
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
MARCH 24, 2008

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**RECEIVED**

**AUG 11 2006**

**CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS**

## I. (a) PLAINTIFFS

Nexxio Group, Ltd. and NGL Management, Inc.

**(b)** County of Residence of First Listed Plaintiff    Dallas
(EXCEPT IN U S PLAINTIFF CASES)

**ORIGINAL**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian D. Melton, Shackelford, Melton & McKinley, LLP, 3333 Lee Parkway, 10th FL., Dallas, Tx 75219, 214/780-1400 (see attachment)

## DEFENDANTS

LRM Technologies, L.L.C., Nexxio Wisconsin, L.L.C. and Shannon R. Vaillancourt

County of Residence of First Listed Defendant    Jefferson
(IN U S PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

**3-06CV1448-B**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U S Government Plaintiff
- ☐ 2  U S Government Defendant
- ☐ 3  Federal Question (U S Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 196 Franchise | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity) 28 U.S.C. 1332

Brief description of cause Breach of Franchise Agreement and Unfair Competition; Injunction

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23

DEMAND $ At least $250,000.00 plus injunctive relief

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

N/A    (See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE    August 10, 2006

SIGNATURE OF ATTORNEY OF RECORD    Brian D. Melton

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____

MARTHA HARDWICK HOFMEISTER
Shackelford, Melton & McKinley, LLP
3333 Lee Parkway, Tenth Floor
Dallas, Texas 75219
Telephone: (214) 780-1400
Fax: (214) 780-1401

DEREK D. ROLLINS
Shackelford, Melton & McKinley, LLP
3333 Lee Parkway, Tenth Floor
Dallas, Texas 75219
Telephone: (214) 780-1400
Fax: (214) 780-1401

Attorneys for Plaintiffs